STATE OF LOUISIANA         *       NO. 2019-KA-0868

VERSUS                *

ANTIONETTE FORTUNE     *      COURT OF APPEAL

                               FOURTH CIRCUIT

                      *       STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 510-610, SECTION "J"
HONORABLE DONALD T JOHNSON, JUDGE, AD HOC
\* \* \* \* \* \*
**JAMES F. MCKAY**
**CHIEF JUDGE**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge
Edwin A. Lombard)

LEON A. CANNIZZARO, JR.
DISTRICT ATTORNEY, ORLEANS PARISH
DONNA R. ANDRIEU
CHIEF OF APPEALS
IRENA ZAJICKOVA
ASSISTANT DISTRICT ATTORNEY
619 South White Street
New Orleans, Louisiana 70119
     COUNSEL FOR STATE/APPELLEE

RACHEL I. CONNER
3015 Magazine Street
New Orleans, Louisiana 70115
     COUNSEL FOR DEFENDANT/APPELLANT

**REMANDED WITH INSTRUCTIONS**

**AUGUST 12, 2020**

*JFM*
*TFL*
*EAL*

The defendant appeals her conviction and sentence for manslaughter, arguing that the non-unanimous jury verdict violates the Sixth and Fourteen Amendments of the United States Constitution. For the reasons set forth below, the matter is remanded to the district court for the purpose of confirming that the verdict was, in fact, non-unanimous.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 23, 2012, the Orleans Parish grand jury returned an indictment charging the defendant with second-degree murder of Brandon Butler. On September 29, 2017, the jury found the defendant guilty of the lesser charge of manslaughter[1], in what appears to be a 10-2 verdict.

On November 3, 2017, the defendant filed a motion for new trial, which was denied. The defendant also filed a written objection to the non-unanimous jury verdict. The trial court noted the objection and sentenced the defendant to twenty-five years in prison without the benefit of probation, parole, or suspension of sentence. The defendant filed this appeal arguing that his conviction by a non-unanimous jury is unconstitutional.

---

[1] The underlying facts of this case are not relevant to the limited issue raised in this appeal.

1

Following the defendant's conviction, the United States Supreme Court determined in *Ramos v. Louisiana*, 590 U.S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), that the Sixth Amendment right to jury trial, as incorporated against the States by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. Because the defendant's case is pending on direct review, the Supreme Court's decision in *Ramos* applies here.

The record before us is unclear. No polling of the jury took place when the verdict was rendered and the minute entry does not reflect the verdict count. The sentencing transcript reveals that both the prosecutor and the defense counsel acknowledged that the guilty verdict for manslaughter was 10-2. However, the prosecutor indicated that the two dissenting votes were in support of a guilty as charged verdict of second-degree murder as opposed to votes in support of not guilty.

In its brief to this Court, the state concedes that if, in fact, a non-unanimous jury convicted the defendant, her argument on appeal appears to have merit. To confirm whether the verdict was non-unanimous, the state requests that this Court order the record to be supplemented with the jury polling slips. However, as noted above, there was no polling of the jury. The only evidence presented of the 10-2 verdict were the representations by the defense counsel and the prosecutor at sentencing.

In *State v. Norman,* 2020-0109 (La. 7/2/20), ___ So.3d ___, 2020 WL 3603925 (*per curiam*), the Louisiana Supreme Court was faced with a similar situation in that the polling of jurors did not make clear that the verdict was non-unanimous. Specifically, the Court noted that "the district court ceased polling the jury after the first ten jurors." *Id.* To determine whether that verdict was, in fact,

2

unanimous, the Court remanded the matter, ordering that the court "shall provide a *per curiam* to this Court within ten days of ruling on the *Ramos* issue and stating the outcome. If the trial court denies relief under *Ramos*, defendant can appeal separately on that basis. The remainder of the defendant's claims will be considered by this Court once the Ramos issue is resolved." *Id.*

Rather than ordering the record to be supplemented with the jury polling slips, as urged by the state, we find that the better course of action is to follow the Louisiana Supreme Court's lead in *Norman,* and remand the matter to the district court

## DECREE

For the foregoing reasons, we remand this matter to the district court with instructions to review the record for the purpose of confirming whether the verdict was, in fact, non-unanimous. Once confirmed, the district court shall provide this Court with a *per curiam* within ten days of this ruling, addressing the *Ramos* issue and stating the outcome of its review.

**REMANDED WITH INSTRUCTIONS**